| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>Peter O. Larsen (*pro hac vice* admission pending)<br>Raye Elliott (*pro hac vice* admission pending)<br>AKERMAN LLP<br>50 North Laura Street, Suite 3100<br>Jacksonville, FL 32202<br>Telephone: (904) 798-3700<br>Facsimile: (904) 798-3730<br>peter.larsen@akerman.com<br>raye.elliott@akerman.com<br><br>*Counsel to the Plan Administrator* | |
| In re:<br><br>20230930-DK-BUTTERFLY-1, INC. f/k/a Bed Bath & Beyond, Inc., *et.al.*,<br><br>           Debtors. | Chapter 11<br><br>Case No. 23-13359(VFP)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Plan Administrator for 20230930-DK-BUTTERFLY-1, INC. f/k/a Bed Bath & Beyond, Inc.,<br>           Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF REVENUE, an agency of the State of Illinois,<br>           Defendant. | Adversary Proceeding No. _____ |

# **COMPLAINT**

81038701;2

Michael Goldberg, in his capacity as Plan Administrator (the "Plan Administrator" or "Plaintiff") for 20230930-DK-Butterfly-1, Inc.[1] f/k/a Bed Bath and Beyond, Inc.[2] and affiliated debtors (the "Debtors"), by and through undersigned counsel, files this adversary complaint against the Illinois Department of Revenue, an agency of the State of Illinois (the "Department") and alleges as follows:

## Nature of the Action

1. The Plan Administrator brings this action against Defendant for objection to and disallowance of a certain claim and turnover of certain tax overpayments made by the Debtors to the Department.

## The Parties

2. The Plan Administrator is the sole representative of the Debtors and assumed responsibility for collecting assets of the bankruptcy estate, as more fully set forth in the Debtors' confirmed Chapter 11 Plan as discussed below.

3. Defendant, the Department, is an executive branch agency of the State of Illinois, which collects taxes on behalf of the State.

## Jurisdiction and Venue

4. The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 505(a).

5. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O).

---

[1] Pursuant to the Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond, Inc. which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond, Inc." was changed to 20230930-DK-Butterfly, Inc.

[2] The last four digits of Debtor Bed Bath & Beyond, Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's claims and noticing agent at https://restructuring.ra.kroll.com/bbby/.

6. Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

7. The statutory and legal predicates for relief requested by this Complaint are sections 105, 505, and 542 of title 11, United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 7001, *et. seq.*

**Factual Background**

A. **General Case Background**

8. On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below). No trustee or examiner has been appointed in this case.

9. On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Doc. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Doc. 2160] (as amended, the "Plan").

10. On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). *See* Docket No. 2311. On the Effective Date, the Plan Administrator became the sole representative of the Debtors and assumed responsibility for, *inter alia,* investigating, prosecuting and compromising any and all of the Debtors' claims and causes of action. *See, e.g.,* Plan at Art. IV.F, VII.A.

**B.    Overpayment to the Department**

11.    Prior to the commencement of these bankruptcy cases, the Debtors were leading retailers throughout the United States and had stores located in the State of Illinois.

12.    Pursuant to Illinois tax statutes, the Debtors regularly paid Illinois state income taxes to the Department that were due and owing on the gross income of the Debtors.

13.    Prior to the Petition Date, the Debtor formerly known as Bed Bath & Beyond, Inc. ("BBB") submitted income tax payments to the Department in excess of what it actually owed to the Department in the total amount of $675,023 (the "Overpayment") for fiscal year ending February 28, 2022.

14.    The Department is currently holding the Overpayment and has not returned it to the Debtors.

**C.    Claim**

15.    The Department filed Claim 18004 on October 20, 2023 in the amount of $769,756.18 for Debtor, BBB (the "Claim") for Illinois business income tax allegedly due for tax years ending February 28, 2018 and February 28, 2019. The amount of $679,247.83 was designated as priority in the Claim.

**Count I**
**(Objection to Claim)**

16.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15 above as if fully set forth herein.

17.    This is an objection to Claim 18004 filed by the Department pursuant to 11 U.S.C. § 502(a) and a request for a determination of the income tax actually owed to the Department pursuant to 11 U.S.C. § 505.

18. The Department improperly excluded certain receipts related to vendor allowances the Debtors received from the Debtors' Illinois sales factor for tax years ending February 28, 2018 and February 28, 2019.

19. These vendor allowances are includable in apportionment as they qualify as receipts for purposes of Ill. Admin. Code title 86, §100.3370(a)(1), being derived "from transactions and activity in the regular course [of the Company's] trade or business" which are not otherwise excluded under Ill. Admin. Code title 86, §100.3370(b), nor Ill. Admin. Code title 86, §100.3380(c).

20. These vendor allowances should not have been excluded by the Department in determining the Debtors' Illinois sales factor for apportionment purposes and therefore the Claim should be reduced to account for these vendor allowances.

## Count II
### (Turnover of Overpayment)

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15 above as if fully set forth herein.

22. The Department is in possession of the Overpayment.

23. The Overpayment is property of the Debtors' estate under § 541.

24. The Overpayment constitutes a debt that the Department owes to the Debtor BBB, that is property of the estate and that is matured, payable on demand, or payable on order.

25. The Department has indicated that it intends to use the Overpayment as a setoff against the Claim.

26. If the Overpayment were not used to set off against the Claim, payment of such Claim would have ordinarily been paid as unsecured tax claims and/or Priority Tax Claim pursuant to the Plan and Confirmation Order.

27. The Plan provides for payment of Priority Tax Claims from the Combined Reserve which consists of the collapsed Priority Claims Reserve and Wind-Down Reserve created pursuant to the Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay and (V) Granting Related Relief (Doc. 729) (the "Final DIP Order").

28. Pursuant to the Final DIP Order, the Priority Claims Reserve consists of a $10 million reserve to be used to pay Chapter 11 administrative expense claims and Priority Tax Claims.

29. Pursuant to the Order (I) Authorizing the Settlement of Ad Valorem Tax Claims of Texas Taxing Authorities, (II) Authorizing the Use of $2.8 Million Set Aside to Satisfy Claims of Texas Taxing Authorities, and (III) Granting Related Relief (Doc. 2954), $2.8 million of the Priority Claims Reserve was used to pay Texas ad valorem tax claims, leaving $7.2 million in the Priority Claims Reserve.

30. While the Plan Administrator is still in the process of filing objections to many of the Priority Tax Claims, the Plan Administrator does not believe there will be sufficient funds in the Priority Claims Reserve to fully pay all Chapter 11 administrative expense claims and Priority Tax Claims in full.

31. Under 11 U.S.C. § 553, the application of setoff is permissive and is within the equitable discretion of the Court.

32. If the Department is permitted to use the Overpayment to setoff against the Claim, the Department would be receiving significantly more than other similarly situated Priority Tax and/or Unsecured Claimants.

33. Such use of setoff would not be consistent with the purposes of the Bankruptcy Code as a whole.

34. Accordingly, pursuant to § 542, the Department should be compelled to turn over the Overpayment to the Debtors.

**Prayer for Relief**

WHEREFORE, Michael Goldberg, in his capacity as Plan Administrator respectfully requests and prays that the Court:

i. Pursuant to Count I, enter judgment disallowing the Claim;

ii. Pursuant to Count II, enter judgment compelling the Department to turn over the Overpayment;

iii. Award Plaintiff costs, and expenses of this suit; and

iv. Grant the Plaintiff such other and further relief the Court deems just.

Dated: April 23, 2025

*/s/ Colin R. Robinson*
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:   (212) 561-7700
Facsimile:   (212) 561-7777
Email:        bsandler@pszjlaw.com
              plabov@pszjlaw.com
              crobinson@pszjlaw.com

and

7

81038701;2

Peter O. Larsen (*pro hac vice* admission pending)
Raye Elliott (*pro hac vice* admission pending)
**AKERMAN LLP**
50 North Laura Street, Suite 3100
Jacksonville, FL 32202
Telephone:     (904) 798-3700
Facsimile:      (904) 798-3730
Email:             peter.larsen@akerman.com
                       raye.elliott@akerman.com

Counsel to the Plan Administrator

8

81038701;2